## T. C. HOUCHIN v. THE STATE.

No. 7187.          Decided November 22, 1922.

1.—Theft—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of theft, the evidence sustains the conviction under a proper charge of the court there is no reversible error.

2.—Same—Certified Copy of Indictment.

Where the corrected transcript refutes the contention that appellant pleaded to a certified copy and not to the original indictment, there is no reversible error.

3.—Same—Argument of Counsel—Invited Error.

Where the argument of the State's counsel complained of was invited by the argument of appellant's counsel, there is no reversible error.

Appeal from the District Court of Throckmorton.   Tried below before the Hon. W. R. Chapman.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

B. F. *Reynolds* and I. N. *Williams,* for appellant.

R. G. *Storey* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

From the State's standpoint, the record reveals these facts: John Patton conducted a drug-store in the town of Woodson, and the appellant was his clerk.   Antecedent to the Christmas holidays in 1919, they went together to Dallas and purchased some jewelry, including a number of rings.   The appellant was the only person besides Patton permanently working in the store, though other were there during the holidays.   Patton brought the rings to Woodsin, together with the invoice, and kept them in his safe at night and in the show-case during the day.   After the holidays, the invoice was missed by Patton, and appellant declared that he knew nothing of its whereabouts. Appellant ceased his connection with Patton in January, and the ring was missed by Patton some forty or sixty days later.   A detective, Mr. Biggs, at the instance of Patton, went to Abilene and found the ring on appellant's finger.   He at the time stated that he got it from John Patton at Woodson.   Biggs also got the invoice from appellant's room.   Appellant exhibited the ring before he left Woodson, stating that it had been sent to him by his mother.   At the time he exhibited the ring, he took it out of his purse.

From the standpoint of the appellant, the testimony was that he wore the ring openly while in the employment of Patton, and that in conversation with the witness King, Patton admitted that he knew that appellant had possession of the ring and expected to receive pay for it.   These facts came from other than the appellant's testimony.   He testified that on the visit to Dallas, he selected the ring in question and that Patton agreed to sell it to him, and that when the rings were brought to Woodson, he took the ring in the presence of Patton and put it on his finger and continued to wear it until the time of his arrest, except when cleaning up the soda fountain, when he put it in his purse.   Appellant claimed to have partly paid for the ring out of the salary which Patton was paying him and introduced memoranda showing deduction from his salary which he claimed were applied on payment of the ring.   He also claimed that the invoice found in his possession was a copy of the original.   Appellant was not acquainted

with the combination of the safe, and while the rings were in the show-case, he and others had access to them. Appellant's testimony touching the purchase of the ring was controverted by Patton and the deductions from his salary were explained.

We do not agree with appellant's contention that the facts do not sustain the conviction for theft. That the issue of embezzlement was raised by the evidence seems questionable. Appellant's employment was that of a clerk in the store in which Patton, the owner, also spent his time. The possession of the property apparently would be in Patton. Appellant, of course, as clerk, had the right to ·sell the property to any customer of the store, but we fail to discern any testimony compassing his right to take possession of the property. However, the court instructed the jury, at appellant's request, that if the property came into the possession of the appellant by virtue of his employment as clerk or as employee of Patton and that after he so acquired possession, he formed the intention to appropriate it, an acquittal must result. Touching the theory of purchase of the ring, the evidence of appellant and Patton were in opposition. Upon this theory, the court gave an affirmative instruction to the jury which fairly and adequately informed them that if the appellant purchased the ring or if upon that subject there was a reasonable doubt, an acquittal must result. Whether appellant stole the ring was likewise properly submitted to the jury. These issues having been settled against him by the verdict, they are conclusive upon this court, unless it appear that in the procedure there was error requiring a reversal.

While not made on the trial, it is urged in this court that the appellant pleaded to a certified copy and not to the original indictment. The corrected transcript before us refutes this position.

The bill of exceptions complaining of the argument of the State's counsel, as explained by the trial judge, reveals that the argument complained of was a proper response to the remarks of the appellant's attorney, and brings the matter well within the well-known rule pertaining to invited error.

Deeming the evidence sufficient, and finding no error in the record, an affirmance of the judgment is ordered.

*Affirmed.*